NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-573

KYLE DAIGLE

VERSUS

BRANDON PICOU

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2013-5357
HONORABLE SHARON D. WILSON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**ELIZABETH A. PICKETT**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and John E. Conery,
Judges.

**AFFIRMED AS AMENDED.**

Conery, J., concurs and assigns reasons.

Paul Joel Cox
Cox, Cox, Filo & Camel
723 Broad Street
Lake Charles, LA 70601
(337) 436-6611
COUNSEL FOR PLAINTIFF-APPELLEE:
    Kyle Daigle

**E. Jacob Colonna**
**Colonna Law Firm, LLC**
**One Lakeshore Drive, Ste 1800**
**Lake Charles, LA 70629**
**(337) 656-3212**
**COUNSEL FOR DEFENDANT-APPELLANT:**
    **Brandon Picou**

**PICKETT, Judge.**

Brandon Picou appeals a judgment of the trial court awarding damages to Kevin Daigle for the battery perpetrated on him by Mr. Picou.

## STATEMENT OF THE CASE

Mr. Picou intentionally battered Mr. Daigle at the Glo Bar at L'Auberge du Lac Casino in Lake Charles early on the morning of January 13, 2013. Mr. Daigle suffered a split lip, bruising to his head and neck, and has had headaches since the accident. Mr. Picou admitted liability, and the issue of damages was heard at a bench trial. The trial court awarded $3,000.00 for past medical damages, $10,000.00 for past and future pain and suffering, $5,000.00 for scarring and disfigurement, $5,000.00 for past and future impairment, $2,000.00 for loss of enjoyment of life, $10,000.00 for past and future mental anguish, and $5,000.00 for past and future disability.

Mr. Picou appeals the damage award, asserting one assignment of error, that "[t]he trial court erred in awarding Plaintiff an excessive amount of damages at the trial of this matter."

## DISCUSSION

Louisiana Civil Code Article 2315(A) provides that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." We review a trial court's damage award using the abuse of discretion standard as articulated by the supreme court in *Miller v. LAMMICO*, 07-1352, p. 28 (La. 1/16/08), 973 So.2d 693, 711:

> An appellate court reviews a trial court's general damage award using the abuse of discretion standard. *Coco v. Winston Industries, Inc.*, 341 So.2d 332, 335 (La.1976). The trier of fact is afforded much discretion in independently assessing the facts and rendering an award because it is in the best position to evaluate witness credibility and see the evidence firsthand. *Anderson v. New Orleans Pub. Serv., Inc.*, 583 So.2d 829, 834 (La.1991). An appellate court may disturb a damages

award only after an articulated analysis of the facts discloses an abuse of discretion. *Theriot v. Allstate Ins. Co.*, 625 So.2d 1337, 1340 (La.1993); *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257, 1261 (La.1993) (the fact finder's discretion in awarding general damages is vast and should rarely be disturbed); *Reck v. Stevens*[,] 373 So.2d 498, 501 (La.1979). To determine whether there has been an abuse of discretion by the fact finder, the reviewing court looks first to the facts and circumstances of the particular case. *Theriot*, 625 So.2d at 1340; *Reck*, 373 So.2d at 501. Only if a review of the facts reveals an abuse of discretion, is it appropriate for the appellate court to resort to a review of prior similar awards. *Reck*, 373 So.2d at 501; *Anderson*, 583 So.2d at 834; *Youn*, 623 So.2d at 1261.

Mr. Picou argues that the award for past medical damages is excessive. Mr. Daigle introduced medical bills relating to the battery that totaled $1,793.00. The trial court awarded $3,000.00, citing self-treatment that Mr. Daigle, a chiropractor, performed on himself to alleviate dizziness. We find an award for this self-treatment is speculative and an abuse of discretion as it is not supported by any evidence as to its value. We therefore lower the award for past medical damages to $1,793.00.

Mr. Picou also argues that the damages awarded for past and future pain and suffering, past and future mental anguish, and past and future disability are excessive. He cites the fact that after the initial treatment on the day of the injury, Mr. Daigle only treated with a doctor sporadically for three months. He complained of moderate pain, including neck pain and numbness in his hands. Reviewing the record as a whole, we find no abuse of discretion in the awards $10,000.00 for pain and suffering and $10,000.00 for mental anguish.

We do, however, find the award for disability is not supported by the record. The trial court, in its oral reasons for ruling, admitted that, given the absence of evidence, any future medical expenses it awarded would be speculative, yet it awarded $5,000.00 for this purpose. This amount corresponds to the $5,000.00

awarded in the judgment for "past and future disability." We find this award was an abuse of discretion and reverse the award of $5,000.00 for past and future disability.

Finally, Mr. Picou argues that the $5,000.00 awarded to Mr. Daigle for scarring and disfigurement is excessive, citing cases where this court has affirmed lower awards for scarring. Given the testimony of Mr. Daigle and the broad discretion afforded the trial court, we find no error in the trial court's award.

### CONCLUSION

The judgment of the trial court is amended to award $1,793.00 for past medical expenses and to eliminate the award for past and future disability. In all other respects, the judgment of the trial court is affirmed. The total amount of the amended judgment is $33,793.00. Costs of this appeal are taxed equally to Mr. Picou and Mr. Daigle.

**AFFIRMED AS AMENDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules−Courts of Appeal, Rule 2−16.3.

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

KYLE DAIGLE

VERSUS

BRANDON PICOU

**CONERY, J., concurs, and assigns reasons.**

I fully concur with the majority's decision to reduce the past medical expenses from $3,000.00 to $1,793.00 for the reasons expressed and likewise fully agree with the reversal of the $5,000.00 award for past and future disability.

I find that the remaining awards affirmed by the majority test the outer limits of the vast discretion afforded the trial court. The affirmation of the award of $10,000.00 for past and future mental anguish has scant support in the record. Likewise, the $5,000.00 award for permanent scaring and the $2,000.00 award for loss of enjoyment of life. Bound by the manifest error rule, I concur based on the trial court's finding that the claimant was credible, though there was very little, if any, corroborating evidence.